FILED

2024 Jun-25  AM 10:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **JAMES ALBERT HINES,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  4:23-cv-01142-RDP** |
| | } | |
| **MARTIN O'MALLEY,** | } | |
| **COMMISSIONER OF SOCIAL** | } | |
| **SECURITY,** | } | |
| | } | |
| **Defendant.** | } | |

## MEMORANDUM OF DECISION

Plaintiff James Albert Hines brings this action pursuant to Title II of Section 205(g) and Title XVI of Section 1631(c)(3) of the Social Security Act (the "Act"), seeking review of the decision of the Commissioner of Social Security ("Commissioner") denying his claims for a period of disability, Social Security Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). *See also*, 42 U.S.C. §§ 405(g) and 1383(c).  Based on the court's review of the record and the briefs submitted by the parties, the court finds that the decision of the Commissioner is due to be affirmed.

## I.      Proceedings Below

Plaintiff filed his application for a period of disability and DIB on May 20, 2020. (Tr. 95). In addition, he filed his application for SSI on June 17, 2020. (Tr. 96). In both applications, Plaintiff alleged that his disability began on May 18, 2020. (Tr. 95, 96). Both applications were initially denied by the Social Security Administration on December 14, 2020. (Tr. 99, 105). On January 7, 2021, Plaintiff filed a request for reconsideration for both claims. (Tr. 110). Both claims were once

again denied on reconsideration. (Tr. 112, 117). Plaintiff then requested and received a hearing before Administrative Law Judge Jerome L. Munford ("ALJ") on February 9, 2022. (Tr. 32-52, 119, 165). In his decision, dated January 10, 2023, the ALJ determined that Plaintiff had not been under a disability within the meanings of §§ 216(i), 223(d), or 1614(a)(3)(A) since May 18, 2020. (Tr. 17-25). After the Appeals Council denied Plaintiff's request for review of the ALJ's decision on July 5, 2023 (Tr. 1), that decision became the final decision of the Commissioner, and therefore a proper subject of this court's appellate review.

At the time of the hearing, Plaintiff was 65 years old and had attended school through the twelfth grade. (Tr. 37-38). Plaintiff previously worked as a forklift operator. (Tr. 38, 244). Plaintiff alleges that he suffers from hypertension, type II diabetes, gastroesophageal reflux disease, migraines, lower back problems, bilateral shoulder problems, and bilateral knee problems (Tr. 252). According to Plaintiff, he has been unable to engage in substantial gainful employment since May 18, 2020. (Tr. 252).

Plaintiff complains that the pain in his back, shoulder, and knees have caused him to have limited motion and affects his lifting, squatting, bending, standing, walking, sitting, and kneeling. (Tr. 269, 274). He claims that he can only stand for around ten minutes before experiencing pain. (Tr. 40). He further asserts that his left knee is swollen and painful, which causes him to only be able to walk a block before having to rest. (Tr. 40, 274) Because of this, he uses a cane to walk and while outdoors wears a knee brace, which was prescribed by his doctor. (Tr. 40). Plaintiff also complains that his lower back pain worsens when he bends and this prevents him from being able to lift more than 30 pounds. (Tr. 41, 274). He complains of numbness and tingling in his hands and feet. (Tr. 39). Plaintiff reports that his blood sugars have been fluctuating, and he has daily

pain in the abdomen area and esophagus. (Tr. 42-45). In addition, Plaintiff states that he has a rash on his arms, legs, and back that itches so badly it keeps him from sleeping. (Tr. 43).

In July 2020, Plaintiff presented to the emergency room with complaints of abdominal pain, left thigh pain, and sinus issues. (Tr. 754). An x-ray of his femur showed that the alignment of his left hip and knee appeared anatomic and intact. (Tr. 757). In addition, his musculoskeletal examination revealed he had a normal range of motion, normal strength, and no swelling. (Tr. 755).

On October 31, 2020, Plaintiff was examined by Certified Nurse Practitioner Lakimbrell Marshall at the behest of the Social Security Administration ("SSA"). (Tr. 517-525). Plaintiff's physical examination revealed no edema, cyanosis, clubbing, or swollen joints in his extremities. (Tr. 520). He did not have difficulty getting on and off the examination table or walking on his toes, and he walked without an assistive device. (Tr. 521). Further, Plaintiff was found to have normal, 5/5 strength throughout his entire body. (Tr. 521). However, Plaintiff was unable to walk on his heels or complete all parts of the physical examination due to unsteadiness and could only partially squat. (Tr. 521, 523). In addition, Plaintiff had slight decreased range of motion in his lumbar spine, shoulder, hips, and knees. (Tr. 522-23). After the examination, Nurse Practitioner Marshall diagnosed Plaintiff with lumbar back pain, bilateral shoulder pain, and hypertension. (Tr. 523).

On December 10, 2020, a state agency physical examiner, Dr. Robert H. Heilpern, evaluated Plaintiff's claims and found that he had the following severe impairments: diabetes, hypertension, and other unspecified arthropathies. (Tr. 58). Dr. Heilpern found that one or more of these impairments could reasonably be expected to produce pain and other symptoms. (Tr. 59). However, he further found that Plaintiff's statements about the intensity, persistence, and

functionally limiting effects of the symptoms were not substantiated by the objective evidence alone. (Tr. 59). Specifically, Dr. Heilpern determined that Plaintiff could occasionally lift 50 pounds, frequently lift 25 pounds, and was able to stand, walk, and sit for about 6 hours of an 8-hour workday. (Tr. 60-61). Further, he found that Plaintiff could frequently balance, kneel, stoop, crouch, and crawl; occasionally climb ramps or stairs; and never climb ladders, ropes, or scaffolding. (Tr. 61). Therefore, he concluded that Plaintiff was not disabled or limited to unskilled work because of his impairments and could perform medium level work. (Tr. 64-65).

On August 26, 2021, Plaintiff's file was reviewed by Dr. Robert G. Haas. (Tr. 85-89). Dr. Haas found that all of Plaintiff's impairments were non-severe. (Tr. 88). Further, he found that Plaintiff had no medically determinable impairments that would preclude him from doing any job. (Tr. 88).

At the ALJ hearing, a vocational expert ("VE") testified. The ALJ asked the VE if a person of Plaintiff's age and education could perform certain medium work existing in the national economy if he could frequently stoop, crouch, crawl and kneel, but was limited to: (1) never climbing ladders, ropes, or scaffolds; and (2) no pushing or pulling with one of his legs. (Tr. 48). The VE answered that there was sufficient medium level work for such a person, such as unskilled inspecting work, assembly work, and hand-packing jobs. (Tr. 48). The ALJ then asked if there were any light work opportunities for a person of the same skillset with the same limitations. (Tr. 48). The VE responded that some of the same types of jobs were available, such as inspecting, code, light assembly, and light hand packing. (Tr. 48-49). The ALJ asked a second hypothetical question that placed additional limits on the hypothetical individual as follows: only occasional stooping, crouching, crawling, and kneeling. (Tr. 49). The VE stated that these limitations would eliminate all medium work opportunities for the individual, but that he would still be able to engage

in light or sedentary work. (Tr. 49-50). Finally, the ALJ asked if the VE would change his answer if the hypothetical individual was retirement age. (Tr. 50). The VE replied that it would not change the hypothetical individual's functional ability to perform the job duties. (Tr. 50).

## II.    ALJ Decision

Disability under the Act is determined under a five-step test. 20 C.F.R. § 404.1520.  First, the ALJ must determine whether the claimant is engaging in substantial gainful activity.  *Id.* § 404.1520(a)(4)(i). "Substantial gainful activity" is defined as activity that is both "substantial" and "gainful." *Id.* § 1572.  "Substantial" work activity is work that involves doing significant physical or mental activities.  *Id.* § 404.1572(a). "Gainful" work activity is work that is done for pay or profit. *Id.* § 404.1572(b). If the ALJ finds that the claimant engages in activity that meets both of these criteria, then the claimant cannot claim disability.  *Id.* § 404.1520(b). Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of medical impairments that significantly limits the claimant's ability to perform basic work activities.  *Id.* § 404.1520(a)(4)(ii).  Absent such impairment, the claimant may not claim disability. *Id.*  Third, the ALJ must determine whether the claimant's impairment meets or medically equals the criteria of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1.  *See id.* §§ 404.1520(d), 404.1525, and 404.1526.   If such criteria are met, the claimant is declared disabled. *Id.* § 404.1520(a)(4)(iii).

If the claimant does not fulfill the requirements necessary to be declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis.  The ALJ must first determine the claimant's residual functional capacity ("RFC"), which refers to the claimant's ability to work despite his impairments.  20 C.F.R. § 404.1520(e).  In the fourth step, the ALJ determines whether the claimant has the RFC to perform past relevant work.   *Id.* §

404.1520(a)(4)(iv).  If the claimant is determined to be capable of performing past relevant work, then the claimant is deemed not disabled.  *Id.*  If the ALJ finds the claimant unable to perform past relevant work, then the analysis proceeds to the fifth and final step.  *Id.* § 404.1520(a)(4)(v).  In the last part of the analysis, the ALJ must determine whether the claimant is able to perform any other work commensurate with his RFC, age, education, and work experience.  *Id.* § 404.1520(g). Here, the burden of proof shifts from the claimant to the ALJ to prove the existence, in significant numbers, of jobs in the national economy that the claimant can do given his RFC, age, education, and work experience. *Id.* §§ 404.1520(g), 404.1560(c).

The ALJ found that Plaintiff has not engaged in substantial gainful activity since May 18, 2020, and that he had acquired sufficient quarters of coverage to remain insured through June 30, 2022. (Tr. 17, 19). Based upon the medical evidence presented, the ALJ concluded that Plaintiff has severe impairments of obesity and unspecified arthropathies. (Tr. 20). In addition, the ALJ found that Plaintiff has the following non-severe impairments: gastroesophageal reflux disease without esophagitis; hypertension; bacterial sinusitis; diabetes; and hyperlipidemia. (Tr. 20). Nonetheless, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meet the criteria of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 20).

Next, the ALJ listed the findings of each medical examiner and found that Plaintiff's descriptions of his impairments and limitations were not entirely consistent with the findings of the examining physicians, Plaintiff's medical history, and the objective, clinical findings made on examination. (Tr. 23). After consideration of all of the medical evidence, the ALJ determined that Plaintiff has the residual functional capacity to perform medium work as defined in 20 C.F.R. 404.1567(c) and 416.967(c) with the following limitations: he cannot climb ladders, ropes, or

scaffolds; he can frequently stoop, crouch, crawl, and kneel; and he cannot push or pull with his left leg. (Tr. 21).

Based on this residual functional capacity, the ALJ concluded that Plaintiff is unable to perform his past relevant work and that transferability of job skills is not material to the determination of disability because Plaintiff is not disabled under the Medical-Vocational Rules. (Tr. 24). *See* 20 C.F.R. Part 404, Subpart P, Appendix 2; SSR 82-41. The ALJ further found that there are a significant number of jobs in the national economy that Plaintiff can perform, all of which allow Plaintiff to work with the above-mentioned limitations. (Tr. 24). Thus, the ALJ ruled that Plaintiff is not disabled as that term is defined in the Act, and, therefore, is not entitled to a period of disability, DIB, or SSI. (Tr. 25).

## III.    Plaintiff's Argument for Remand

Plaintiff seeks to have the ALJ's decision, which became the final decision of the Commissioner following the denial of review by the Appeals Council, remanded for further consideration. (Pl.'s Mem., Doc. # 10 at 15). Plaintiff argues that the ALJ's determination is the product of legal error because the ALJ failed to properly evaluate his subjective complaints under SSR 16-3p and Eleventh Circuit Law. (Pl.'s Mem., Doc. # 10 at 6).

## IV.    Standard of Review

The only issues before this court are whether the record reveals substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the correct legal standards were applied.  *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  Title 42 U.S.C. § 405(g) mandates that the Commissioner's findings are conclusive if supported by "substantial evidence."  *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  The district court may not

reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is reasonable and supported by substantial evidence. *See id*. (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 894 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the Commissioner's factual findings must be affirmed even if the evidence preponderates against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, the court also notes that review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

## V.    Discussion

After careful review, the court concludes that the ALJ's decision is supported by substantial evidence and that he applied the law correctly.

### A.    The ALJ properly evaluated Plaintiff's subjective complaints under SSR 16-3p and Eleventh Circuit Law.

In the Eleventh Circuit, a claimant can establish a disability through personal testimony about pain or other symptoms. *Markukse v. Comm'r of Soc. Sec.*, 572 F. App'x 762, 766 (11th Cir. 2014). But, in order to do so, the claimant must show (1) evidence of an underlying medical condition, as well as either (2) objective medical evidence confirming the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can reasonably be expected to cause the alleged pain. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).

If a claimant's subjective testimony is supported by medical evidence that satisfies the pain standard, it is sufficient to support a finding of disability. *Holt*, 921 F.2d at 1223. In other words, if a claimant testifies that he has experienced disabling pain and satisfies the three-part pain standard, the ALJ must find a disability unless the ALJ properly discredits the claimant's testimony as not credible. *Crow v. Colvin*, 36 F. Supp. 3d 1255, 1259 (N.D. Ala. 2014); *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992). The Eleventh Circuit has made clear that when evaluating the extent to which a claimant's symptoms affect his capacity to perform basic work activities, the ALJ considers the following factors in relation to the other evidence in the record:

> the daily activities; the location, duration, frequency, and intensity of the symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of medication taken to alleviate symptoms; treatment other than medication; any measures used to relieve symptoms; other factors concerning functional limitations and restrictions due to systems; and inconsistencies between the evidence and subjective statements.

*Esco v. Comm'r of Soc. Sec.*, 2024 WL 1156572, at *2 (11th Cir. Mar. 18, 2024) (citing § 404.1529(c)(3)-(4))

A reviewing court will not disturb an ALJ's finding of credibility so long as it is supported by substantial evidence. *Raper v. Comm'r of Soc. Sec.*, 89 F.4th 1261, 1277 (11th Cir. 2024). The ALJ is not required to discuss every piece of evidence during the credibility determination but must provide enough evidence for the reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole. *Id.*; *Esco*, 2024 WL 1156572 at *1 (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). Further, the ALJ does not have to *explicitly* discredit a claimant's testimony about his subjective pain levels; instead, an ALJ decision that does not do so is proper so long as the implication from the ALJ's opinion clearly amounts to an obvious finding of a lack of credibility. *Raper*, 89 F.4th at 1277. The lack of an explicit credibility finding

becomes grounds for remand only when credibility is critical to the outcome of the case and causes clear prejudice. *Id.* (citing *Edwards v. Sullivan*, 937 F.2d 580, 586 (11th Cir. 1991)).

Plaintiff presents two main arguments as to why the court should remand this matter. First, he argues that the ALJ failed to appropriately consider every factor in SSR 16-3p when evaluating his subjective pain testimony. (Pl.'s Br., Doc. # 10 at 8-15). Effective March 28, 2016, the SSA issued SSR 16-3p which rescinded the former SSR 96-7p. 2017 WL 5180304 (Oct. 25, 2017). This ruling eliminated the term "credibility" from the SSA's sub-regulatory policy to "clarify that subjective symptom evaluation is not an examination of an individual's character." *Id.* at *2. However, SSR 16-3p does not alter the methodology for evaluating a claimant's symptoms. *See Locke v. Berryhill*, 2018 WL 3557401, at *4 (N.D. Ala. 2018); *Deloney v. Berryhill*, 2018 WL 3425611, at *3-7 (N.D. Ala. 2018). To be sure, SSR 16-3p lists a litany of factors that an ALJ *may* consider when assessing the intensity, persistence, and limiting effects of a claimant's symptoms. *See* 2017 WL 5180304, at *7-8. But, the language of the ruling also makes clear that the ALJ does not have to evaluate every factor, but instead only those factors pertinent to the evidence in the record. *Id.* at *8. Therefore, under SSR 16-3p, the ALJ still considers "any personal observations of the individual in terms of how consistent those observations are with the individual's statements about his or her symptoms as well as with all of the evidence in the file." *Treadway v. Soc. Sec. Admin., Comm'r*, 2024 WL 1053291, at *5 (N.D. Ala. Mar. 11, 2024).

Second, Plaintiff argues that the ALJ ruling is improper under Eleventh Circuit caselaw because (1) the ALJ did not explicitly discredit his subjective testimony and (2) the implication from the ALJ's opinion does not clearly amount to an obvious finding of a lack of credibility. (Pl.'s Br., Doc. # 10 at 9-15). Once again, the court disagrees.

As noted above, "[w]here proof of a disability is based upon subjective evidence and a credibility determination is, therefore, a critical factor … the ALJ must either explicitly discredit such testimony or the implication [from the ALJ's opinion] must be so clear as to amount to a specific credibility finding." *Raper*, 89 F.4th at 1277 (quoting *Foote*, 67 F.3d at 1562) (internal quotations omitted) (emphasis added). In light of this authority, the court concludes that the ALJ properly evaluated Plaintiff's subjective complaints about his pain levels and explicitly discredited them. Notably, the ALJ's decision includes a detailed summary of Plaintiff's testimony regarding his pain levels and subjective impairments. (Tr. 22). The ALJ noted that Plaintiff testified that he experienced lower back pain, knee pain, and a swollen left knee. (Tr. 22). Plaintiff testified that because of his knee and back pain, he walks with a cane and uses a brace prescribed by his doctor. (Tr. 22). Further, the ALJ noted that Plaintiff testified that he could only stand for about ten minutes before needing to sit, and that he could lift a gallon of milk but "his knees give out when lifting heavy objects." (Tr. 22).

The ALJ then examined Plaintiff's medical records and the administrative medical findings. The ALJ noted that the medical evidence shows that Plaintiff has osteoarthritis in his knees and was prescribed oral medication to aid in managing the symptoms of that pain. (Tr. 22). But, although Plaintiff complained of painful swelling of his legs and thigh, a musculoskeletal examination revealed he had a normal gait, station, and posture. (Tr. 22). Further, physical examinations in 2020 and 2021 showed that Plaintiff had no edema, clubbing, cyanosis, or swollen joints in any of his extremities, that he possessed normal 5/5 strength throughout his entire body, and that he had full range of motion. (Tr. 22). Finally, the ALJ noted that in his consultative examination, Plaintiff was unable to walk on his heels due to balance issues, but he did not have any swollen joints, demonstrated 5/5 strength of the bilateral upper and lower extremities, could

partially squat, was able to get on and off of the examination table without difficulty, and walked on his toes without an assistive device. (Tr. 23).

Then, after examining this evidence and comparing it to Plaintiff's testimony about his pain levels, the ALJ made an explicit finding that Plaintiff's testimony about the intensity, persistence, and functionally limiting effects of his pain and symptoms were not substantiated by objective medical evidence. Indeed, the ALJ clearly stated: "After having carefully considered the documentary records and subjective allegations, the undersigned concludes that [Plaintiff's] descriptions of his impairments, and resulting limitations are not entirely consistent with the reports from the examining physicians, medical history[,] and objective, clinical findings on examination." (Tr. 23).

The Eleventh Circuit has repeatedly held that similar language qualified as an explicit and adequate explanation for discrediting a claimant's testimony. *See Raper*, 89 F.4th at 1278-79 (finding that an ALJ's statement that "the functional restrictions alleged by [the claimant] are not entirely consistent with the evidence" was an explicit and adequate reason for discrediting testimony); *Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 740 (11th Cir. 2017) (per curiam) (holding that the ALJ's explanation that the claimant statements about the intensity, persistence, and limiting effect of his symptoms "were not credible to the extent they were inconsistent with the RFC" was more than just a "broad rejection" and was sufficient to permit review). Thus, contrary to Plaintiff's contention, the ALJ explicitly discredited his subjective testimony of his pain level and symptoms because it was inconsistent with the medical reports, medical history, and clinical findings in the record.

Finally, substantial evidence supports the ALJ's decision to discredit Plaintiff's testimony, and the ALJ was not clearly wrong in doing so. *See Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780,

782 (11th Cir. 2014). For example, Plaintiff testified at his hearing that he had to use a cane to walk at all times and was prescribed a knee brace to walk outside. (Tr. 40). But, in his function report, Plaintiff denied using a cane or brace. (Tr. 275). Further, during his physical examination with Nurse Practitioner Marshall, he did not use or admit to using an assistive device. (Tr 521). And, multiple examinations and medical reports indicate that Plaintiff had a normal gait and did not have trouble walking. (Tr. 436, 444, 447, 833-34, 961, 976-77, 982, 988, 1002). Similarly, Plaintiff testified at his hearing that he is unable to squat to get in and out of the tub (Tr. 43) and stated in his function report that bending, kneeling, and squatting were "very painful." (Tr. 269, 274). However, during his physical examination with Nurse Practitioner Marshall, she noted that Plaintiff had no difficulty getting on and off the examination table and could squat a fourth of the way to the ground with a chair. (Tr. 521). Further, Dr. Heilpern found that Plaintiff was able to balance, stoop, kneel, crouch, and crawl frequently. (Tr. 61). Thus, because the objective medical evidence indicates that Plaintiff's functional capacity was only minimally impacted by his medical impairments, there is substantial evidence that Plaintiff's testimony about the intensity, persistence, and limiting effects of his pain and symptoms were not substantiated by the record.

Ultimately, the determination of credibility is left to the ALJ, and the ALJ is entitled to discredit a claimant's subjective complaints of pain so long as he articulates explicit and adequate reasons for doing so. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). Based on the foregoing, the court finds that the ALJ has adequately explained his reasoning for finding Plaintiff's testimony and his subjective complaints of pain not fully credible, and substantial evidence in the record supports that finding. *See Jerrell v. Commissioner*, 433 F. App'x 812, 814 (11th Cir. 2001) (citing *Holt*, 921 F.2d at 1223) (holding that statements concerning the intensity, duration, and limiting effects of a claimant's symptoms were not entirely credible because the

objective medical evidence did not confirm the severity of the alleged pain arising from that condition); *Werner v. Commissioner*, 421 Fed. App'x 935, 939 (11th Cir. 2011) ("The question is not … whether the ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it.").

## VI.    Conclusion

The court concludes that the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence and the proper legal standards were applied in reaching this determination. The Commissioner's final decision is therefore due to be affirmed.  A separate order in accordance with this memorandum of decision will be entered.

**DONE** and **ORDERED** this June 25, 2024.

R. DAVID PROCTOR
CHIEF U.S. DISTRICT JUDGE

14